UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 0 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ENERGOINVEST DD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 03-1314 (RJL) |
| ) | |
| DEMOCRATIC REPUBLIC OF CONGO, ) | |
| and SOCIETE NATIONALE ) | |
| E'ELETRICITE (S.N.E.L.), ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER
(September 14, 2004) [#11]

Before the Court is the plaintiff's motion for default judgment and confirmation of arbitral award. This is an action by Energoinvest DD ("the plaintiff") against the Democratic Republic of Congo ("the DRC"), and the Societe Nationale D'Electricite ("SNEL"), a wholly state-owned entity organized under the laws of the DRC, to confirm an arbitral award in accordance with the United States Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. 201 et seq., also known as "the New York Convention." As the plaintiff has satisfied jurisdictional and procedural requirements for confirmation of its claimed arbitral award, the Court GRANTS the plaintiff's motion for default judgment and confirmation of the award.

1



## BACKGROUND

In 1980, the DRC and SNEL entered into a Credit Agreement with the plaintiff, under which an existing debt owed to the plaintiff was refinanced and redetermined. Verified Petition for Confirmation of a Foreign Arbitral Award ("Verified Petition") ¶ 8. Under Article 6 of the Credit Agreement --

> Any dispute or disagreement arising from the Credit Agreement shall be subject to a prior amicable settlement between the parties.
>
> In the absence of an amicable and satisfactory solution, the dispute or disagreement shall be submitted to the designated Arbitration Board in accordance with the conciliation and arbitration rules of the International Chamber of Commerce in Paris. To settle the conflict, the Arbitration Board shall hold a session in ZURICH and Swiss substantive law shall apply.

Verified Petition, Ex. C, at 5 (translation of Article 6 of the Credit Agreement).

On March 4, 2001, the plaintiff filed a Motion for Arbitration against the DRC and SNEL. Verified Petition ¶ 12. By June 14, 2002, the parties, including the DRC and SNEL had signed the Terms of Reference and the International Court of Arbitration ("ICC") had notified the parties of the schedule for arbitral proceedings. Id. at ¶¶ 13-14.

On September 12, 2002, after settlement negotiations had failed, a hearing was held before the ICC tribunal ("the Tribunal") in Zurich, Switzerland. Verified Petition ¶ 15. Attorneys for the plaintiff and SNEL participated in this proceeding. Id. at ¶ 15. Although it had notice of the hearing and had signed the Terms of Reference, the DRC did not participate in the proceeding. Id. After the hearing, the Tribunal scheduled a

hearing for the case in Paris, France, which was held on December 9 and 10, 2002. Id. at ¶ 16. Again, attorneys for the plaintiff and SNEL participated in the proceeding, but the DRC did not, even though it had received notice of the hearing. Id. at ¶ 16.

On April 20, 2003, the Tribunal issued an award in favor of the plaintiff ("the Award").[1] Verified Petition ¶ 17. It ruled that (1) the DRC and SNEL were jointly and severally liable to pay the plaintiff $11,725,844.96; (2) the DRC and SNEL were jointly and severally liable to pay the plaintiff interest at an annual rate of 9% on the sum of $11,179,266.36, to be calculated based on the amount of each overdue installment payment included in said sum, starting on the respective due date and up to the date of full payment, and interest at an annual rate of 5% on the sum of $546,578.60, starting on March 4, 2001 and up to the full date of payment; and (3) the DRC and SNEL were jointly and severally liable for costs in the amount of $25,000 for the ICC's administrative costs, $220,900 for the arbitrators' fees, and $168,000 as a reimbursement for expenses related to the plaintiff's defense. Id. at ¶¶ 18-20. The plaintiff alleges that no part of the Award or interest have been paid. Id. at 21; Pl. Mot. for Default Judgment 3.

The current action was filed on June 17, 2003. The same day, the plaintiff filed notices with this Court that the DRC and SNEL had been served with the Verified Petition, pursuant to 28 U.S.C. § 1608 (a)(3). On August 8, 2003, the Clerk of the U.S.

---

[1] In support of its Verified Petition, the plaintiff has submitted to the Court copies of the Credit Agreement and the ICC's Award, and English translations of the original French-language documents that it attests are true and accurate translations.

3

District Court for the District of Columbia sent a copies of the Verified Petition via registered mail to the DRC, care of the Head of the Ministry of Foreign Affairs. As postal receipt was not returned within thirty days, the plaintiff then effected service through the U.S. State Department, pursuant to 28 U.S.C. § 1608(a)(4). The Diplomatic Note transmitting the Verified Complaint was served on the DRC on October 31, 2003. Mot. for Default Judgment 4-5. Once service had been made, the DRC was required to serve an answer or other responsive pleading within sixty days. 28 U.S.C. § 1608(d). The Clerk of the Court entered default in the case on January 7, 2004. As of the date of this memorandum opinion, no response has been filed on behalf of the DRC or SNEL in this action.

## DISCUSSION

The New York Convention, 9 U.S.C. § 201 et seq., is a multi-lateral treaty which authorizes the recipient of a foreign arbitral award to seek confirmation of the award in federal court. 9 U.S.C. § 207; *see also Compaigne D'Enterprises CFE, S.A. v. Republic of Yemen*, 180 F.Supp.2d 12, 14 (D.D.C. 2001). Under the New York Convention, the district court reviewing the petition for confirmation "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in said Convention." 9 U.S.C. § 207. None of the grounds enumerated under Article V of Section 201 of the Convention exists here, nor have the defendants responded to plead any such grounds. 9 U.S.C. § 201, Art. V(1)-(2); *see also Karaha*

*Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 287 n.16 (5th Cir. 2004) (setting forth the grounds for refusal or deferral of confirmation).

Under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), no judgment by default may be entered by a district court against a foreign state unless the plaintiff establishes its right to relief by evidence satisfactory to the Court. Id.; *see also Ipitrade Int'l, S.A. v. Federal Republic of Nigeria*, 465 F.Supp. 824, 827 (D.D.C. 1978). The FSIA specifies that there is no sovereign immunity for a foreign state where it has "waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver." 28 U.S.C. § 1605(a)(1). "[T]he legislative history of this section expressly states that an agreement to arbitrate or to submit to the laws of another country constitutes an implicit waiver." *Ipitrade Int'l*, 465 F.Supp. at 826 (citing H. Rep. No. 94-1487, 94th Cong., 2d Sess.).

The Court finds that the plaintiff (1) properly served the DRC and SNEL with the Verified Petition; (2) has established its claim for confirmation because it has presented certified copies of the Credit Agreement, which bound the DRC and SNEL to arbitration under Swiss law, and copies of the Award issued by the ICC with regard to the Credit Agreement; and (3) the record reflects no basis for refusal or deferral of the requested confirmation. In addition, the plaintiff properly effected service on the defendants, who

have utterly disregarded the Verified Petition, filed more than a year ago. Accordingly, the Court will GRANT the plaintiff's motion for default judgment and confirmation of arbitral award, and enters the attached order. Hopefully, the plaintiff's necessity to rely upon this Court to obtain a judgment in this matter will alert unsuspecting others of the risk of doing business with these defendants.

                                                                          /s/ Richard J. Leon
                                                                          RICHARD J. LEON
                                                                          United States District Judge