IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC REPUBLIC OF CONGO,<br>and SOCIETE NATIONALE<br>D'ELECTRICITE (S.N.E.L.),<br><br>Defendants. | Civil No. 03-1314 (RJL) |

## AMENDED MOTION FOR PERMISSION TO EXECUTE ON JUDGMENT AND REQUEST FOR EXPEDITED REVIEW AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff FG Hemisphere Associates, LLC[1] ("FG Hemisphere") respectfully moves this Court, on an expedited basis, pursuant to 28 U.S.C. § 1610(c), for an order granting permission to execute on the default judgment issued by this Court on September 19, 2004 in the above-referenced case, whether by writ of attachment, execution, or otherwise, in accordance with Fed. R. Civ. P. 69(a) and 70.

On November 30, 2004, FG Hemisphere filed its original motion for permission to execute on the default judgment ordered by this Court. Since that time, FG Hemisphere has identified two specific properties owned by defendant Democratic Republic of Congo ("DRC"), a foreign state formerly known as Republic of Zaire, within this jurisdiction against which it wishes to begin execution proceedings in order to satisfy its judgment. These properties are: (1)

---

[1] On January 3, 2005, this Court entered a Minute Order substituting FG Hemisphere Associates, LLC and terminating Energoinvest as the plaintiff in the above-captioned matter (as well as in companion case, 03-1315).

Square 2244, Lot 0805 known as 4001 Linnean Avenue, N.W., Washington D.C. 20008 ("Linnean property") and, (2) Square 1433, Lot 0022 known as 5015 Glenbrook Road, N.W., Washington D.C. 20016 ("Glenbrook property"). Accordingly, FG Hemisphere files this amended motion to request not only the general permission originally sought, but also permission to execute and writs of execution with respect to the two specific properties identified herein. Because one of these properties is currently the subject of a recently-filed foreclosure action in the District of Columbia Superior Court brought by another lienholder with a competing claim, FG Hemisphere requests expedited consideration of this motion in order to permit it to promptly assert and protect its rights.

Defendants have no immunities to which they might have been entitled under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 *et seq.* or otherwise, because (1) plaintiff's default judgment is based on an arbitral award, (2) the properties in question are used for commercial purposes by the DRC, and (3) a reasonable period of time has elapsed following the entry and notice of judgment.[2] As explained more fully herein, these conditions are sufficient to permit immediate enforcement.

## MEMORANDUM OF POINTS AND AUTHORITIES

FG Hemisphere Associates, LLC ("FG Hemisphere") respectfully requests an order, pursuant to Section 1610 of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(c), granting permission to execute on the default judgment that this Court issued on September 19, 2004 in the above-referenced case against defendants Democratic Republic of Congo, a foreign state formerly known as Republic of Zaire ("DRC"), and Societe Nationale D'Electricite, a wholly state-owned entity ("SNEL"), whether by writ of attachment, execution, or otherwise, in accordance with Fed. R. Civ. P. 69(a) and 70.

---

[2] Although defendants have been properly served with process and all subsequent papers in this case, they have failed to enter an appearance in person or through counsel. Accordingly, plaintiff's counsel are unable to confer with defendants' counsel about this motion, as otherwise required by LCvR 7.1(m).

2

## INTRODUCTION

On September 19, 2004, this Court granted plaintiff's motion for confirmation of an arbitral award to FG Hemisphere's predecessor in interest, Energoinvest, rendered on April 30, 2003 by the International Court of Arbitration in Zurich, Switzerland, and issued a default judgment in Energoinvest's favor. *See* Memorandum Opinion and Order at 1 (Sept. 19, 2004) (attached as Exhibit A to Declaration of Bradford A. Berenson ("Decl.") (attached as Exhibit I)).

The default judgment was based on a debt arising out of a 1980 Credit Agreement that the DRC and SNEL entered into with Energoinvest and a Rescheduling Agreement dated May 31, 1986, which amended the Credit Agreement ("Rescheduling Agreement"). *See* Credit Agreement and Rescheduling Agreement (attached as Exhibit B to Decl.). The debt owing to Energoinvest was never paid. Accordingly, on September 12, 2002 and December 9 and 10, 2002, hearings were held before the International Court of Arbitration of the International Chamber of Commerce ("ICC Court") in Zurich, Switzerland and Paris, France. *See* Verified Petition for Confirmation of a Foreign Arbitral Award, ¶ 15 (attached as Exhibit C to Decl.). On April 30, 2003, the Tribunal issued two awards in favor of Energoinvest.

Two proceedings were filed in this Court (Civil Nos. 03-1314 and 03-1315) to confirm the two arbitral awards. Upon defendants' failure to appear, default judgments were sought in both proceedings. On September 19, 2004, this Court granted the default judgment in this case, and on January 31, 2005, this Court granted the motion for default judgment in Civil No. 03-1315.[3]

On November 16, 2004, FG Hemisphere was assigned all right, title and interest in the arbitration awards that are the subject of the default judgments awarded in this case and Civil No. 03-1315. *See* Joint Notice (attached as Exhibit D to Decl.). FG Hemisphere now seeks to enforce the default judgment awarded in this case based on the underlying arbitral award

---

[3] Plaintiff seeks identical relief in Civil No. 03-1315. Accordingly, FG Hemisphere has simultaneously filed a substantially identical motion for permission to execute in that case.

entered on April 30, 2003 in favor of plaintiff, and against DRC and SNEL, jointly and severally, in the amount of US$11,725,844.96, plus interest and US$413,900 in costs and fees.[4] *See* Exhibit C to Decl. at ¶¶ 18, 20.

FG Hemisphere seeks general permission from this Court to enforce its judgment through attachment, execution, and all other lawful means pursuant to Rules 69 and 70 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 69 and 70. FG Hemisphere further seeks an order and writs of execution permitting enforcement of its judgment on the Linnean and Glenbrook properties, both of which are owned and used for commercial purposes by the DRC.

## ARGUMENT

**I.     EXECUTION ON THE JUDGMENT SHOULD BE GRANTED WITHOUT DELAY.**

The FSIA requires a judgment creditor to obtain a court order before attempting to execute on a judgment against a foreign state. The FSIA provides, in relevant part:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. § 1610(c). Furthermore, a judgment creditor must establish that the property against which it proposes to enforce its judgment is not protected by sovereign immunity. Among other things, the FSIA provides that:

> The property in the United States of a foreign state . . . used for a commercial activity in the United States, shall not be immune from

---

[4] As the Arbitration Award indicates, DRC and SNEL are jointly and severally liable for interest (1) at an annual rate of 9% on US$ 11,179,266.36, to be calculated based on the amount of each overdue installment payment included in said sum starting on the respective due date and up to the date of full payment; and (2) at an annual rate of 5% on US$ 546,578.60 starting on March 4, 2001 and up to the date of full payment. *See* Exhibit C to Decl. ¶ 22.

4

> attachment in aid of execution, or from execution, upon a judgment
> entered by a court of the United States . . . if –
>
> . . .
>
> (6) the judgment is based on an order confirming an arbitral award
> rendered against the foreign state, provided that attachment in aid
> of execution, or execution, would not be inconsistent with any
> provision in the arbitral agreement ...

28 U.S.C. § 1610(a). All of the statutory requirements are satisfied here: (1) a reasonable period of time has elapsed since this Court's default judgment and the resulting notice provided to the defendants, (2) the Linnean and Glenbrook properties are properties of the DRC in the United States that are used for a commercial activity in the United States, and (3) execution is sought on a judgment that is based on an arbitral award, and execution is in no way inconsistent with any provision of the underlying arbitral agreement. Therefore, the property sought by FG Hemisphere is not immune from execution under the FSIA.

### A.  A Reasonable Period Has Elapsed for Execution on the Judgment.

The Arbitration Award upon which the judgment in this action is based was rendered in April 2003, almost two years ago, and defendants have not voluntarily satisfied any portion of the arbitration awards.[5] *See* Decl. ¶ 6, 7. This Court entered a default judgment against defendants based upon the Arbitration Awards on September 19, 2004. *See* Exhibit A to Decl. Notice of this Court's default judgment was delivered to the Foreign Ministry of defendant DRC on November 10, 2004, *see* Notice Judgment of Default (attached as Exhibit E to Decl.), and to SNEL on September 30, 2004; *see also* DHL Confirmation (attached as Exhibit F to Decl.). Although notice of default was delivered over five months ago to SNEL and over three months ago to the DRC, as of the date of this motion, defendants have taken no voluntary steps to satisfy any portion of the arbitration awards or the judgment, and plaintiff has no reason to

---

[5] Recently a modest sum (approximately $860,000) was seized from SNEL through enforcement proceedings in a foreign jurisdiction. *See* Decl. ¶ 7.

5

expect that any such steps are forthcoming. Decl. ¶7. A period of several months following notice of a default judgment is more than reasonable to allow execution to begin under the terms of the FSIA. *See, e.g.*, Fed. R. Civ. P. 62(a) (10 days is normal time period between entry of judgment and execution); *see also Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916 (RWS), 2000 WL 1449862 (S.D.N.Y. Sept. 29, 2000) (10 days is reasonable time to allow for execution against foreign sovereign). Given the defendants' refusal to satisfy the awards after almost two years, plaintiff should be granted permission to seek attachment and execution on the judgment forthwith.

### B. Defendants Enjoy No Sovereign Immunity From Attachment Or Execution.

The FSIA provides express exceptions to a foreign state's immunity from attachment or execution. *See* 28 U.S.C. § 1610. As noted above, the FSIA provides that the property of a foreign state (or an agency or instrumentality of a state) that is used for a commercial activity in the United States shall not be immune from attachment or execution upon a judgment entered by a court of the United States where, among other certain circumstances, "the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement." *See* 28 U.S.C. § 1610(a)(6). Because FG Hemisphere's judgment is based on an order confirming an arbitral award and the properties that FG Hemisphere seeks to execute against are used for commercial purposes, defendants enjoy no sovereign immunity.

#### 1. The Judgment is Based on an Order Confirming an Arbitral Award.

FG Hemisphere's judgment is based on an order confirming an arbitral award against the DRC and SNEL rendered by the International Court of Arbitration in Zurich, Switzerland on April 30, 2003. Further, execution and attachment are not inconsistent with

6

anything in the underlying Credit Agreement, which contained the arbitration provision. *See* Exhibit B to Decl. As a result, this judgment falls squarely within the requirements of 28 U.S.C. § 1610(a)(6), and neither DRC nor SNEL enjoys immunity from execution against any properties that are not otherwise exempt.

### 2. The Glenbrook and Linnean Properties are Used for Commercial Purposes.

The Glenbrook and Linnean properties are not immune from execution because they are used by the DRC for commercial activity. The statute expressly provides that the determination of "commercial activity" as required under Section 1610(a) is "determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose." 28 U.S.C. § 1603(d). The U.S. Supreme Court has stated that "...the issue is whether the particular actions that the foreign state performs (whatever the motive behind them) are the type of actions by which a private party engages in 'trade and traffic or commerce.'" *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992) (interpreting commercial activity in the context of jurisdictional immunity) (internal citations omitted). Thus, this Court determines commercial activity by looking at whether the activity is one in which a private person could engage. *See Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1549 (D.C. Cir. 1987) ("if the activity is one in which a private person could engage, it is not entitled to immunity.") (quoting *Texas Trading & Milling Corp. v. Fed. Republic of Nigeria*, 647 F.2d 300, 309 (2d Cir. 1981)).

In this case, based on the information currently available, the Linnean and Glenbrook properties appear to have tenants who are not on the current diplomatic list, and both properties therefore appear to be held for investment purposes by the DRC.

### a.     Glenbrook Property

The Glenbrook property, owned by the DRC since July 1987, *see* Alta Plain English Title Insurance Commitment (attached as Exhibit G to Decl.), is not the DRC's embassy, according to the U.S. State Department's website. *See* U.S. Department of State Chanceries Listing (attached as Exhibit H to Decl.). In addition, a side-by-side comparison of the U.S. Department of State's official Spring 2004 Diplomatic List, which contains the names of members of the diplomatic staffs of all missions and their spouses, against the known occupants reveals that no DRC diplomat resides at this property. *See* Decl. at ¶13; *see also* U.S. Department of State's Spring 2004 Diplomatic List for the Democratic Republic of Congo (attached as Exhibit I to Decl.). In addition, there is at least one known sublessee with no affiliation to the embassy residing there. *See* Decl. at ¶13. While a foreign embassy and the residence of a foreign state's chief of mission enjoy immunity from execution, *see* 28 U.S.C. § 1610(a)(4), other properties owned by a foreign state that are commercial in nature do not.

This property has no state function and appears to be held by the DRC merely as an investment property in a rapidly-appreciating real estate market. Because this is no different from an "activity ... in which a private person could engage," *Practical Concepts, Inc.*, 811 F. 2d at 1549, this property has a commercial purpose and is not immune from execution.

### b.     Linnean Property

Similarly, the Linnean property, which has been owned by the DRC since June 1970, does not enjoy immunity. *See* Alta Plain English Title Insurance Commitment (attached as Exhibit J to Decl.). The current known occupants are a former ambassador, Tatanene Manata, and his family. *See* Decl. ¶ 14. Critically, Mr. Manata's diplomatic duties "ended in June 1995," according to pleadings filed by Mr. Manata in a lawsuit currently pending in D.C. Superior

Court. *See* Notice of Removal, *Strategic Lien Acquisitions LLC v. Republic of Zaire, et al.*, Civil Action No. 04-1034 (attached as Exhibit K to Decl.). The car driven by Mr. Manata also does not have diplomatic license plates. *See* Decl. ¶ 17. As with the Glenbrook property, the Linnean property is nowhere referenced on the U.S. Department of State's Chanceries Listing as an embassy, and none of the individuals referenced on the U.S. Department of State's Spring 2004 Diplomatic List resides there. *See* Exhibits H and I to Decl.; *see also* Decl. at ¶14. Accordingly, this property, like Glenbrook, appears to be an investment property with no state function. As such, it is not immune from execution.

### C. Expedited Review Of This Motion Is Necessary To Prevent Prejudice To Plaintiff.

FG Hemisphere respectfully requests expedited review of this motion to ensure that it may adequately protect its rights in the property against which it seeks to execute its judgment. FG Hemisphere has recently learned of foreclosure proceedings in the D.C. Superior Court filed by another lien holder with a competing claim to the Linnean property. On April 27, 2004, Strategic Lien Acquisition, LLC filed a complaint to foreclose on the Linnean property. *See Strategic Lien Acquisitions LLC v. Republic of Zaire, et al.*, Case No. 04-CA-003306 (D.C. Super. Ct.). On June 23, 2004, Mr. Manata, the former DRC ambassador, intervened as a party in interest based on three liens he filed against the Linnean property in 1998 and 1999 that total over $2 million. Absent an immediate ability to take whatever steps may be necessary in that action to assert and protect its interests in the Linnean property against the competing lienholders, FG Hemisphere's ability to execute and satisfy its judgment may be significantly prejudiced.

## CONCLUSION

For the foregoing reasons, this Court should immediately grant plaintiff's request for an order permitting execution on the judgment, including with respect to the properties owned by the Democratic Republic of Congo located in the District of Columbia: (1) Square 2244, Lot 0805 known as 4001 Linnean Avenue, N.W., Washington D.C. 20008 and, (2) Square 1433, Lot 0022 known as 5015 Glenbrook Road, N.W., Washington D.C. 20016.

Respectfully submitted,

Bradford A. Berenson (D.C. Bar No. 441981)
Brandi Feingold (D.C. Bar No. 482759)
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Dated: March 14, 2005

Attorneys for
FG Hemisphere Associates, LLC