UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case Nos. 03-1314 (RJL) |
| | ) | 03-1315 (RJL) |
| DEMOCRATIC REPUBLIC OF CONGO, | ) | |
| and SOCIETE NATIONALE | ) | |
| D'ELECTRICITE (S.N.E.L.), | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER
(March 19, 2009) [#102]

Presently before the Court is plaintiff's Motion for a Civil-Contempt Order and Sanctions against defendant the Democratic Republic of Congo ("DRC") in these consolidated actions.[1] Because DRC has failed to comply with this Court's prior discovery orders, the Court will GRANT plaintiff's motion in part.

On September 28, 2006, this Court granted plaintiff's September 29, 2005 Motion to Compel [Dkt. #74] by Minute Order, stating:

> It is hereby ORDERED that defendant the Democratic Republic of the Congo must conduct and complete a diligent, good faith search, both inside and outside the United States, for all documents responsive to Plaintiff's First Requests for Production, as modified by Plaintiff's letter of September 7, 2005, within thirty days from the date of this Order; and Defendant must certify that such a search has been conducted, describe with specificity the steps undertaken, and provide all responsive, non-privileged documents it has located to plaintiff, together with a certification that it has produced all such documents, within thirty days from the date of this Order.

---

[1] For reference purposes, all docket numbers identified herein refer to the docket numbers in Case No. 03-1314 (RJL).

(Minute Order, Sept. 28, 2006.) Subsequently, by agreement of the parties, on November 28, 2006 the Court imposed a bifurcated discovery plan and stayed DRC's obligations under the September 28, 2006 Minute Order pending completion of Phase I of the plan.[2] (Order, Nov. 28, 2006 [Dkt. #88].) Upon completion of Phase I, and again by agreement of the parties, on February 12, 2007 the Court ordered completion of Phase II of the plan, ordering that DRC

> shall have ninety (90) days from the date of this Order in which to respond to plaintiff's discovery requests related to discovery in aid of execution of the default judgments with respect to properties outside the territorial jurisdiction of this Court, including the discovery compelled pursuant to the Court's September 28, 2006 Order.

(Order, Feb. 12, 2007 [Dkt. #93].) DRC thereafter served on plaintiff a Certification of Efforts and Responses to Requests for Production on May 14, 2007 and filed a notice with the Court the next day certifying its compliance with the Court's February 12, 2007 and November 28, 2006 Orders.[3] (DRC's Notice of Compliance, May 15, 2009 [Dkt. #99].)

DRC's discovery response, however, fell woefully short of compliance. DRC did not produce *any* documents pertaining to DRC assets "outside the territorial jurisdiction of this Court," but rather, re-produced duplicates of documents pertaining to DRC's Washington, DC assets that were subject to Phase I of the discovery plan. DRC also failed to provide the required certification that a search occurred for the Phase II documents and that all responsive, non-privileged documents were produced. Indeed,

---

[2] Phase I of the bifurcated discovery plan focused "on discovery in aid of execution against any property belonging to defendant Democratic Republic of the Congo within the territorial jurisdiction of this Court." (Order, Nov. 28, 2006.) In that phase plaintiff sought "discovery designed to determine whether any such properties exist that may be immune from execution under the Foreign Sovereign Immunities Act." (*Id.*)

[3] In the interim, on March 13, 2007, DRC filed an appeal of this Court's November 9, 2006 Minute Orders denying defendants' Motions to Vacate the Default Judgments. (Notice of Appeal, Mar. 13, 2000 [Dkt. #96].) Coinciding with its appeal, DRC filed a motion to stay its discovery obligations, which this Court denied. (Minute Order, May 1, 2007.)

DRC concedes as much in its response to plaintiff's motion, arguing not that it complied with the Court's discovery orders, but rather that sanctions would be futile. (Def.'s Response at 2-4 [Dkt. #103].)

Accordingly, upon consideration of plaintiff's Motion for a Civil-Contempt Order and Sanctions, DRC's opposition thereto, oral argument held March 6, 2009, and the entire record herein, it is hereby

**ORDERED** that, pursuant to the Court's inherent power to enforce compliance with its orders, *Armstrong v. Executive Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993), and based on plaintiff's clear showing that DRC violated this Court's unambiguous discovery orders of February 12, 2007 and November 28, 2006, DRC is in CIVIL CONTEMPT; and it is further

**ORDERED** that DRC, within 30 days from the date of this Order, shall:

(1) conduct and complete a diligent, good-faith search for all documents concerning its assets outside the District of Columbia pursuant to the terms of this Court's prior discovery orders; and

(2) certify that it conducted such a search, describe with specificity the steps it took in conducting that search, and provide to plaintiff all responsive, non-privileged documents it has located, together with a certification that it has produced all such documents; it is further

**ORDERED** that if DRC fails to complete the aforementioned search and production within 30 days from the date of this Order, DRC shall show cause on or before the expiration of the 30-day period why a fine payable to plaintiff should not be imposed in the amount of $5000 per week, doubling every four weeks until reaching a maximum of $80,000 per week, until DRC satisfies its discovery obligations under this Order. In the event DRC fails to complete the search and production, plaintiff shall have 14 days after the earlier of the expiration of the 30-day period or DRC's show-cause filing in which to file a response; it is further

**ORDERED** that, pursuant to Fed. R. Civ. Pro. 37(b)(2), DRC shall pay to plaintiff the reasonable expenses, including attorney's fees, plaintiff incurred in making this motion, as well as all other costs and expenses incurred by plaintiff that were caused by DRC's failure to comply with the Court's Orders of February 12, 2007 and November 28, 2006. Plaintiff shall file with this Court and serve DRC through counsel an itemized listing of all such costs and expenses it wishes to claim within 30 days from the date of this Order. DRC shall become liable to pay plaintiff the full amount set forth within 20 days from the date of such filing, unless it files an objection in writing to particular items or amounts and makes application to this Court to disallow any such items or amounts. Prior to making such application, the parties shall meet and confer in good faith in an effort to resolve any disputes by agreement.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge